THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES SHEEHAN and Another, Appellants.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial Department, January 26, 1932.

*Richard F. Adams,* for the appellant.

*Charles Sullivan, District Attorney [Mordecai Konowitz* of counsel], for the respondent.

PER CURIAM. This is an appeal from a conviction adjudging the defendants guilty of disorderly conduct and committing them to the workhouse for the term of seventy-eight days.

The complaint alleges that they violated section 722, subdivision 11, of the Penal Law (as added by Laws of 1931, chap. 793), defining disorderly conduct as follows:

"§ 722. Disorderly conduct. Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct: * * *

" 11. Is engaged in some illegal occupation or who bears an evil reputation and with an unlawful purpose consorts with thieves and criminals or frequents unlawful resorts; provided, however, that the provisions of this subdivision, as added by this act, shall remain in force and effect only until March first, nineteen hundred thirty-two."

The testimony of the police officers established that the appellants each bore an evil reputation. Their fingerprint records, which were properly introduced into evidence, show that each had a long record of arrests and convictions. The appellants both admitted selling alcohol and beer. There is, therefore, sufficient proof that

each appellant was engaged in an illegal occupation and bore an evil reputation.

The testimony also established the fact that they were found together in a place where intoxicating liquors were actually being dispensed and which place was carried on the records of the police as an unlawful resort conducted in violation of the National Prohibition Act. It is fair to infer that these two sellers of beer and alcohol were in this resort for an unlawful purpose.

None of this testimony was contradicted and the judgment should, therefore, be affirmed.

All concur; present, KERNOCHAN, P. J., FETHERSTON and SALOMON, JJ.