THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN CAMPBELL, Appellant.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial Department, July 25, 1934.

*Sidney Lash* for the appellant.

*Charles S. Colden, District Attorney* [*David Dugan* of counsel], for the respondent.

SALOMON, P. J.   The appellant and one Dennis Cottrell were charged with a violation of subdivision 11 of section 722 of the Penal Law, in that on the 4th day of June, 1934, they did unlawfully and with intent to provoke a breach of the peace consort together to commit a crime and that these defendants have a known criminal record.   The defendants were convicted.   From the judgment of conviction the appellant John Campbell appeals.

Subdivision 11 of section 722 reads as follows: " Any person who with intent to provoke a breach of the peace   *   *   *   commits any of the following acts shall be deemed to have committed the offense of disorderly conduct: 11. Is engaged in some illegal occupation or who bears an evil reputation and with an unlawful purpose consorts with thieves and criminals or frequents unlawful resorts."

The testimony adduced before the magistrate establishes the fact that the appellant and Cottrell were previously convicted of a crime.   It also establishes that they were together for approximately three hours, but no evidence was produced which would justify the magistrate in finding that the appellant while in the company of Cottrell was engaged in any illegal occupation or consorted with him for an unlawful purpose or frequented an unlawful resort.

In order to warrant a judgment of conviction, the fact that two criminals consort is not sufficient. Two elements must be established as has been held by this appellate court in the case of *People* v. *Bailey*, decided February 23, 1932 (152 Misc. 848), namely, the evidence must show that they so consorted for an unlawful purpose or frequented unlawful resorts. The testimony being barren of such evidence the judgment must be reversed, the complaint dismissed, and the defendant discharged. (See, also, *People* v. *Sheehan*, 142 Misc. 679, and *People* v. *Greenberg*, Id. 680.)

McINERNEY and HERBERT, JJ., concur.